Williams Kherkher
8441 Gulf Fwy Ste 600
Houston, TX 77017



USPS CERTIFIED MAIL

9214 8901 9403 8300 0008 9225 63

EXHIBIT 1

EVANSTON INSURANCE COMPANY
C/O: ITS REGISTERED AGENT MARKEL SERVICE INC
TEN PARKWAY NORTH
DEERFIELD IL 60015

AUG 2 1 2018

Postage: $5.9500

# THE COOK LAW FIRM, PLLC

8441 Gulf Freeway, Sixth Floor
Houston, Texas 77017

Telephone:
713-230-2366

Facsimile:
713-643-6226

## STATUTORY NOTICE LETTER

August 14, 2018

*Via CM/RRR 9214 8901 9403 8300 0008 9225 63*
Evanston Insurance Company
c/o its registered agent, Markel Service, Inc.,
Ten Parkway North
Deerfield, IL 60015

*Via CM/RRR 9214 8901 9403 8300 0008 9231 88*
Bradford Spradley (licensed)
508 Cedar Dr.
Georgetown, TX 78628

RE: Insured: Robert Parker
Policy No. 2CY7466
Claim #: P042487
Property: 404 Stephenson Street, Victoria, TX 77904

Dear Sirs/Madams:

The COOK LAW FIRM, PLLC and WILLIAMS KHERKHER HART BOUNDAS, LLP represent Robert Parker in connection with the above-referenced claim for property damages located at 404 Stephenson Street, Victoria, TX 77904 ("Covered Property"). This letter will serve as your "Notice" as required by **§§ 541.154 and 542A.003** of the Texas Insurance Code with respect to the above-named Insured's intent to file a suit for damages against you under Chapters 541 and 542 of the Texas Insurance Code.

Mr. Parker promptly reported a claim under the Evanston Insurance Company homeowners' policy (No. 2CY7466) for damage to the Covered Property that occurred during Hurricane Harvey. The Parker home suffered extensive wind damage during the storm. The storm damaged the entirety of the roof. The property also sustained substantial interior water damage to the office as a direct result of the wind and hail damage to the exterior and roofing system.

### THIS NOT A SETTLEMENT OFFER OR DEMAND

Unfortunately, in the most recent Texas legislative session, the insurance lobby drafted and successfully lobbied or otherwise "persuaded" the members of the Texas Legislature to pass House Bill 1774 (i.e., the "*Insurance Carrier Enrichment Act of 2017*"), which now requires Texas insureds, like Mr. Parker, to hire experts and incur significant and—allegedly non-reimbursable—expense in order even to challenge an insurance company's unfair "settlement" of a covered claim and provide this level of detailed "Notice" before we have had an opportunity even to see the numerous, relevant documents, which you prepared in the course of your investigation and which remain exclusively subject to your control.

Your failure to provide this information makes it extremely difficult to set forth a perfectly accurate amount of damages sought. Accordingly, the damages set out below will likely increase, but might reasonably decrease, after the Court requires production of your

August 14, 2018
Page 2 of 6

records and our experts have been able to assess the full scope of the covered loss For that reason, this Notice is preliminary in nature and is provided solely satisfy the convoluted statutory requirements a Texas insured must satisfy prior to filing suit.

AGAIN, THIS IS NOT A DEMAND. THIS IS NOT A SETTLEMENT OFFER.

### Your Conduct at Issue

You assigned an adjuster, Bradford Spradley (503670), 116 South Heights Crowley, TX 76036, from Brush Country Claim to adjust the claim. Mr. Spradley claims to have "inspected" the property following the loss but was either improperly trained, or intentionally ignored the damages that were present. Moreover he failed to spend the appropriate amount of time necessary to properly identify the damages that were present at the time and were clearly attributable to Hurricane Harvey's powerful winds. For instance, the roof suffered extensive wind a damage across its entire surface. Evidence of wind damage is readily apparent from even a casual view. Spradely failed to note the vast majority of the damage. The massive amount of roof damage caused the interior damage that the adjuster failed to properly document. He claimed there was less interior damage that was readily apparent on the day of his inspection.

Following this inadequate and unreasonable inspection, Mr. Spradley presented an estimate to Evanston Insurance Company that vastly under-scoped the true amount of covered loss to the property (referred to as the "Adjuster's Estimate"). The adjuster consciously under-scoped the estimate to keep the amount of covered damage artifically low. To date, you have yet to pay Mr. Parker the full payment amount owed under the Policy.

As an illustration—and certainly not intended as a complete listing of all of the errors and omissions in the Adjuster's Estimate—the following are just some of the most egregious, unfair, and unreasonable low points of the "inspection" and Estimate:

- The Adjusters' Estimate greatly under-scoped the amount necessary to repair the roof to its pre-loss condition by failing to remove and replace the following; metal roofing, skylights, closure strips, gable trim, ridge end caps and ridge vents.

- The Adjusters' Estimate fails to add the cost of texturing drywall, protecting the floors and detaching and resetting light fixtures in the office.

- The Adjusters' Estimate fails to properly scope the exterior of the property, excluding an aluminum sliding window.

Undoubtedly, you are aware of your liability to our client under the Texas Insurance Code, which specifically covers and prohibits the unfair settlement of insurance claims. Specifically, you are liable for the following violations of the Texas Insurance Code:

1) Misrepresenting and/or failing to discuss with Mr. Parker pertinent facts or policy provisions relating to coverage as an issue, in violation of TEX. INS. CODE § 541.060(a)(1);

2) Failing to acknowledge, with reasonable promptness, pertinent communications with respect to the claim arising under the policy, in violation of TEX. INS. CODE ANN. § 542.003(b)(2);

August 14, 2018
Page 3 of 6

3) Failing to adopt reasonable standards for prompt investigation of the claim arising under the policy, in violation of TEX. INS. CODE ANN. § 542.003 (b)(3);

4) Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which liability has become reasonably clear, in violation of TEX. INS. CODE § 541.060(a)(2)(A);

5) Failing to promptly provide to Mr. Parker a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for your denial of the claim or offer of a compromise settlement of a claim in violation of TEX. INS. CODE § 541.060(a)(3);

6) Failing to affirm or deny coverage of a claim within a reasonable time or submit a reservation of rights letter in violation of TEX. INS. CODE § 541.060(a)(4);

7) Refusing to pay the claim without conducting a reasonable investigation with respect to the claim in violation of TEX. INS. CODE § 541.060(a)(7);

8) Misrepresenting the insurance policy by making untrue statements of fact, failing to state material facts necessary to make other statements made not misleading, considering the circumstances under which the statements were made, and making statements that would mislead a reasonably prudent person to false conclusions of material fact in violation of TEX. INS. CODE §§ 541.061(1)-(3).

**You AND BRADFORD SPRADLEY, are further notified that in accordance with** *Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.*, **966 S.W.2d 482 (Tex. 1998), YOU have INDIVIDUAL LIABILITY separate from that of your employer(s) or principal(s) for violations of the TEXAS INSURANCE CODE. Therefore, our client will be seeking damages and compensation from YOU PERSONALLY as well.**

Furthermore, your delay in payment is also in violation of Texas Insurance Code § 542.055, *et seq.*, thus triggering liability on your part to pay the amount of the claim, plus statuary penalty interest damages per annum, along with prejudgment interest and reasonable attorneys' fees, which, upon filing of suit shall be taxed as part of the costs in the case. TEX. INS CODE § 542.060(a), (b).

### YOU MAY RE-INSPECT THE PREMISES

Despite the fact that you have already inspected the premises and felt justified in greatly underpaying the claim, the *Insurance Carrier Enrichment Act* gives you an opportunity to further delay the claim by seeking an additional re-inspection. If you feel your prior inspections were insufficient, please let us know within 30 days of receiving this Statutory Notice Letter if you would like another chance to inspect the Covered Property.

## "NOTICE REQUIRED"
### § 542A.003, TEX. INS. CODE

Pursuant to § 542A.003 of the Texas Insurance Code, and on behalf of Mr. Parker, the following notice is hereby given:

(1) **A statement of the acts or omissions giving rise to the claim:**

Please see the above discussion of the insurance defendants' numerous acts and omissions giving rise to this Lawsuit.

(2) **The specific amount alleged to be owed by the insurer on the claim for damage to or loss of Covered Property:**

The cost presently estimated for the repair/replacement of the Covered Property, covered under Evanston Insurance Company Policy Number No. 2CV7466, Claim Number P042487 is set forth below. The specific amount *presently* owed *solely* for damage to or loss of Covered Property is the amount that it will cost to repair/replace the Covered Property, less any payments already made by Evanston Insurance Company and less the Policy deductible.

| | |
|---|---|
| $77,641.38 | Property Damages |
| <$ 4,107.20> | <Prior Payments> |
| <$ 5,000.00> | <Policy Deductible> |
| **$68,534.18** | Estimated specific amount *presently* owed to repair or replace damage to or loss of Covered Property. |

As you know, some damage cannot be properly ascertained and evaluated until repairs are underway. As an example (though not necessarily at issue in this matter), roof decking is something that must typically be evaluated only after the old roof shingles have been removed. In addition, as more time passes and you refuse to make good on your promise to reimburse Mr. Parker for the costs to repair the Covered Property, the known damage will likely worsen and new, consequential damages may develop. Unfortunately, despite these unknowns, the *Insurance Carrier Enrichment Act* now requires us to present an exact amount owed now and penalizes Texas policyholders by forcing them into a Catch-22 situation:

> If—even at this preliminary stage—an insured seeks damages that (after full discovery and years of litigation) are ultimately deemed to have been "too high," then that insured could lose the right to recover the full amount of attorneys' fees that are rightfully owed under the law. In fact, that insured could potentially lose her ability to receive *any* reimbursement for the attorneys' fees she incurs in pursuing her claim for the underpayment/wrongful denial of a covered loss. On the other hand, if an insurance carrier decides to pay the amount requested under the new 542A.003 "Notice" requirements and the presently-existing, but as-yet *unknown* damage is substantial, then the insured will have to pay out of pocket to repair that damage, *despite the fact that it is covered by the Policy and OWED by the insurance company*.

Nevertheless, we have opted to err on the side of being too conservative in stating the "*specific amount presently owed*" under the Policy, in order to protect Mr. Parker and insure that you remain liable for payment of attorneys' fees, as the Texas Insurance Code requires.

In addition, the above numbers merely represent the estimated specific amounts presently owed for **property** damage, as required by the new Carrier Enrichment statute. They do not reflect the additional amounts you owe for damages consisting of, but not limited to: Texas Insurance Code Penalty Interest; Texas Insurance Code Treble Damages; compensation for loss of use, diminution in value, or mental anguish damages; nor do they include applicable pre or

August 14, 2018
Page 5 of 6

postjudgment interest as provided by Law and as will be assessed by the Court.

Due to the massive extent and severity of the catastrophic damage suffered throughout the Texas Coastal region recently and the effect such widespread damage and destruction has had on the local labor and materials markets, it is difficult to predict with any certainty whether the above amount is greater than, less than, or substantially similar to the amount that Mr. Parker will be required to seek at trial in order to repair or replace damage to or loss of the Covered property.

(3) **The amount of reasonable and necessary attorney's fees incurred by the claimant, calculated by multiplying the number of hours actually worked by the claimant's attorney, as of the date the notice is given and as reflected in contemporaneously kept time records, by an hourly rate that is customary for similar legal services:**

*The Insurance Carrier Enrichment Act* requires us to present the number of hours worked along with an hourly rate that is customary for similar legal services. Unlike insurance defense firms, we do not bill our client by the hour.

As such, Mr. Parker engaged our firms on a contingency fee basis, and—given that such fee arrangements remain legal in the State of Texas and are the primary (if not only) means for consumers to afford legal counsel to represent their interests against large insurance companies—expects and intends to pay attorneys' fees on that basis.

This means a portion of any recovery Mr. Parker receives in this case is paid to our firms to cover attorneys' fees and expenses. Mr. Parker will then receive the balance of the recovery. Your failure to treat Mr. Parker properly has therefore created a situation from which it is now unlikely that Mr. Parker can reasonably expect to be made whole.

| Timekeeper | 1 | 2 | 3 |
|---|---|---|---|
| Hours | 6.7 | 3.4 | 2.6 |
| Hourly Rate | $495.00 | $650.00 | $250.00 |
| Subtotals | $3,316.50 | $2,210.00 | $650.00 |
| TOTAL | | | $6,176.50 |

In addition to the attorneys' fees above, to date, my client has incurred $635.00 in expenses in anticipation of litigation, for a present-day total of $^,811.50.

Chapters 541 and 542 of the Texas Insurance Code provide that Insurance Defendants who a Jury finds in violation of the Code for bad-faith claims-handling and unfair settlement practices are liable for the plaintiff's attorneys' fees, and Mr. Parker will offer evidence of attorneys' fees in keeping with the standard set forth in *Mid-Century Ins. Co. of Texas v. Barclay*, which provides for the recovery of attorneys' fees on a contingency basis and as a percentage of total recovery in suits filed under (now) Chapter 542 of the Insurance Code. *Mid-Century Ins. Co. of Texas v. Barclay*, 880 S.W.2d 807 (Tex.App.—Austin, 1994) (approving recovery of attorneys' fees on contingency basis under then-article 21.55 of the Texas Insurance Code, which is Chapter 542's predecessor statute).

August 14, 2018
Page 6 of 6

### PROOF OF LOSS

To date, you have not provided Mr. Parker with a current and complete copy of the applicable insurance policy. As such, we are unable to determine if the policy language contemplates a proof of loss prior to filing suit. Please let us know if you believe Mr. Parker must submit a proof of loss prior to filing suit. Additionally, please explain how you will be harmed or unfairly prejudiced should Mr. Parker opt to file suit before submitting a proof of loss. The Texas Supreme Court has made it clear that insurance companies cannot disclaim coverage when a policyholder fails to submit a proof of loss unless and until the insurance company can show it has been actually prejudiced as a result of not receiving a proof of loss.

### ADMISSIBILITY

The *Insurance Carrier Enrichment Act* of 2017 requires this letter be admissible as evidence. Accordingly, we hope you decide to show this letter to the jury. The jury should know that our client desires to resolve this issue in a just and expeditious manner and therefore wishes to engage you in a dialogue that will lead to a compromise.

### ATTORNEY CERTIFICATION REQUIREMENT

Mr. Robert Parker has been provided with the above STATUTORY NOTICE LETTER. §542A.003(c)(2) TEX. INS. CODE.

### CLOSING

From this point forward, we are the only contact for you or your attorneys and legal team regarding this matter. If you have any questions regarding this matter or need additional information, please feel free to contact this office. However, please do not contact Mr. Parker, either verbally or in writing, without the prior express written permission of this office.

Yours,
THE COOK LAW FIRM, PLLC

Andrew C. Cook

ACC/dh
cc: Robert Parker