Filed 5/20/2019 1:05 PM
Cathy Stuart
District Clerk
Victoria County, Texas
By: Bobbi Ellinger

CAUSE NO. **19-05-84489-A** _____

| | | |
|---|---|---|
| **ROBERT PARKER** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **VICTORIA COUNTY, TEXAS** |
| | § | |
| **EVANSTON INSURANCE COMPANY** | § | |
| | § | |
| | § | |
| *Defendant.* | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

COMES NOW, Plaintiff, ROBERT PARKER, who files this, Plaintiff's Original Petition against Defendant, EVANSTON INSURANCE COMPANY, and, for cause of action, would respectfully show this Honorable Court the following:

### I. DISCOVERY CONTROL PLAN

1.      Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE. This case involves a first-party insurance policy dispute concerning damages attributable to Hurricane Harvey. This dispute involves complex legal issues originating from the TEXAS INSURANCE CODE, common law, and recent Texas case law. It will include intricate discovery regarding claims-handling practices, coverage decisions, adjustment/payment of claims, including Plaintiff's claim, as well as and the systematic approach by Evanston Insurance Company and its adjusters to the handling of catastrophic loss property damage claims arising from Hurricane Harvey. Plaintiff therefore, respectfully asks the Court to order that discovery be conditioned in accordance with a discovery control plan tailored to the particular circumstances of this suit.

## II. **PARTIES**

2.      Plaintiff, ROBERT PARKER, is a Texas resident who resides in Victoria County, Texas.

3.      Defendant, Evanston Insurance Company ("Evanston") is a Foreign Surplus Lines insurance company that is licensed and authorized to engage in the business of insurance in the State of Texas.   Evanston may be served with process by serving its designated service representative via certified mail, return receipt requested, c/o Secretary, Legal Department, Markel Service, Incorporate, Ten Parkway North, Deerfield, Illinois 60015.

## II. **JURISDICTION & VENUE**

4.      This Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Pursuant to Rule 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff states he seeks monetary relief in excess of $100,000.00 and less than $200,000.00. Plaintiff reserves the right to amend his petition during and/or after the discovery process.

5.      This Court has personal jurisdiction over Evanston because Evanston is a an insurance company licensed and authorized to do business in Texas and Plaintiff's causes of action arise out of Evanston's business activities in this state.

6.      Venue is proper in Victoria County because the insured property is located in Victoria County and all or a substantial part of the events giving rise to this lawsuit occurred in Victoria County. TEX. CIV. PRAC. & REM. CODE § 15.032.

## III. **FACTS**

7.      Plaintiff owns the commercial property at 404 Stephenson Street in Victoria, Victoria County, Texas (the "Property"). Evanston sold, and Plaintiff paid for, a Texas

commercial property insurance policy (the "Policy") to protect and insure Plaintiff's property, structures, and other items applicable to the Property.

8.      From August 25th through September 1, 2017, Hurricane Harvey swept across Texas causing widespread destruction and devastation due to extreme winds up to 130 miles an hour in Victoria County and surrounding areas. Beginning on or about August 26, 2017, Hurricane Harvey's massive wind field caused widespread destruction in and around Victoria County, and Plaintiff's Property, specifically.

9.      Plaintiff's Property suffered extensive wind-related damage during Hurricane Harvey. Specifically, the Hurricane damaged the entire roof, multiple, skylights, and windows. The Property also sustained substantial interior water damage as a result of the wind damage to the roofing system.

10.     Following Hurricane Harvey, Plaintiff promptly and timely reported his Property claim (the "Claim") with Evanston under the Policy and asked Evanston to cover the cost of repairs required to return the Property to its pre-loss condition, including, but not limited to, replacement of the roof and repair of the significant interior water damage to all interior surfaces and building systems.

11.     Plaintiff is entitled to these benefits under the Evanston Policy as it specifically covered Plaintiff's Property for wind-related damage, and specifically, hurricane damage. All of the damage to the Property was covered under the express terms of the Policy.

12.     Evanston assigned at least two adjusters to perform the investigation and initial inspection of the Property on its behalf.

13.     Evanston's adjusters, however, because of inadequate training or improper instruction, failed to perform a reasonable and adequate investigation of Plaintiff's Claim. In

doing so, the adjusters either completely missed or simply ignored damages that were present at the time of their inspections and were clearly attributable to Hurricane Harvey's powerful winds.

14.     The inadequacy of the adjusters' investigation and adjustment of Plaintiff's Claim is evidenced by the fact they neither adjusted for, nor included, the full scope of Plaintiff's roof damage. Plaintiff's roof sustained extensive wind damage to its entire surface and to the underlying structure/framing. Evidence of wind damage is readily apparent from even a casual view. The massive amount of roof damage allowed water to penetrate the Property's exterior in multiple locations and resulted directly in the substantial interior damage to Plaintiff's Property, which damage the adjusters also failed to document properly or sufficiently.

15.     Although Plaintiff notified and, later, reminded Evanston numerous times of the significant widespread roof damage which caused major leaks throughout the interior of the Property, the adjusters failed to fully and adequately inspect the damaged areas of Plaintiff's Property, including the roof, among other items and areas. The adjusters' failure to record the full extent of the wind-damaged Property resulted in an improperly under-scoped and consequently undervalued estimate for repairs that the adjusters submitted to Evanston.

16.     As an illustration—and certainly not intended as a complete listing of all of the errors and omissions in the adjusters' investigation and adjustment—the following are just some of the unfair and unreasonable low points from their "inspections" and estimates:

   i.     The adjusters' estimates greatly under-scoped the amount necessary to repair the roof to its pre-loss condition by failing to allocate amounts necessary to repair the following: metal roofing, skylights, closure strips, gable trim, ridge end caps, and ridge vents.

   ii.    The adjusters' estimates fail to add the cost of texturing drywall, protecting the floors, and detaching and resetting light fixtures in the office.

   iii.   The adjusters' estimates fail to identify any damage to windows and window framing.

17.     Plaintiff contends that, upon information and belief, Evanston and its adjusters set out and overtly sought to under-scope, underpay, and ultimately minimize Plaintiff's Claim for covered damages. At minimum, Evanston ratified their adjusters' unreasonable and improper "adjustment" of the Claim, resulting in Plaintiff's Claim effectively being denied in part as well as undervalued and underpaid. Plaintiff has suffered actual damages resulting from Evanston's and its adjusters' wrongful acts and omissions as set forth above and further described herein.

## IV.  CAUSES OF ACTION

### Breach of Contract against Evanston

18.     An insurance policy is considered a contract under Texas law. Evanston failed to perform its contractual duties to adequately compensate Plaintiff in accordance the terms of the Policy that it wrote and sold to Plaintiff. Specifically, Evanston refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff.  Evanston's conduct constitutes a breach of the insurance contract between Evanston and Plaintiff.

### Non-Compliance by Evanston with the Texas Insurance Code, Unfair Settlement Practices

19.     Evanston's conduct constitutes multiple violations of the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES. TEX. INS. CODE §541.060(a). All violations under this provision are made actionable by TEX. INS. CODE §541.151.

20.     Falsehoods and misrepresentations under Texas law may be communicated by actions as well as spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Evanston's misrepresentations by means of deceptive conduct include, but are not

limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating—by way of their adjusters' estimates—that Plaintiff's damages were less extensive or severe than they actually were, resulting in the undervaluing of Plaintiff's damages; (3) using their adjusters' own statements and conclusions about the scope and degree of the damage as a pretext for effectively denying covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate payment(s) Plaintiff in fact received.

21.    Evanston's unfair settlement practice, as described above, of misrepresenting—by words and acts/omissions—to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(1).

22.    Evanston's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

23.    Evanston failed to explain to Plaintiff the reasons for failing to include all covered damages in its evaluation and/or payment(s) on the Claim.  Furthermore, Evanston did not communicate that future settlements or payments would be forthcoming to pay for the entire amount of Plaintiff's loss, nor did it provide any explanation for the failure to adequately settle Plaintiff's Claim.  Evanston's conduct is a violation of the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES. TEX. INS. CODE §541.060(a)(3).

24.    Although promptly reported by Plaintiff to Evanston, Evanston did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiff's damages,

both exterior and interior. Evanston's unfair settlement practice, as described above, of refusing to pay Plaintiff's full Claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(7).

### Non-Compliance by Evanston with the Texas Insurance Code, Prompt Payment of Claims Act

25.     Evanston's conduct constitutes multiple violations of the TEXAS INSURANCE CODE, PROMPT PAYMENT OF CLAIMS ACT. All violations made under this provision are made actionable by TEX. INS. CODE §542.060.

26.     Evanston's failure—and thus continuing delay—to remit full payment of the amounts owed on Plaintiff's Claim following its receipt of all items, statements, and forms reasonably requested and required, as described above, constitutes a non-prompt payment of the Claim. TEX. INS. CODE §542.058.

### Breach of the Duty of Good Faith and Fair Dealing

27.     Evanston's conduct constitutes a breach of the common law duty of good faith and fair dealing that a Texas insurer owes to its policy holders on account of the disparity in bargaining power between an insurance company and its individual insureds with respect not only to the drafting of the contract of insurance itself, but also with respect to the handling and payment of insured claims.

28.     Evanston's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's Claim, despite the fact that at the very same time, Evanston knew, or should have known by the exercise of reasonable diligence, that its liability was reasonably clear, constitutes a breach of Evanston's duty of good faith and fair dealing to Plaintiff, which is both

non-delegable and continues to exist until the relationship between the parties is ultimately changed to that of judgement debtor and judgement creditor, respectively.

### V. CONDITIONS PRECEDENT

29.     All conditions precedent to Plaintiff's claims for relief have been performed or have occurred and/or Evanston waived the same. This includes, but is not limited to, providing notice pursuant to TEXAS INSURANCE CODE 542A and pre-litigation alternative dispute resolution, if any.

### VI. DAMAGES

30.     Plaintiff would show that all the acts as alleged herein, taken together or singularly, constitute the producing cause of the damages sustained by Plaintiff.

31.     As previously mentioned, Plaintiff's covered losses have not been properly addressed or paid, which has prevented Plaintiff from making necessary repairs, thus causing further, consequential damage, to the Property while also causing undue hardship and a burden on Plaintiff. These damages and losses are a direct result of Defendants' mishandling of Plaintiff's Claim in violation of the terms of the Policy at issue and of the laws set forth above.

32.     For breach of contract, Plaintiff is entitled to regain the benefit of his bargain with respect to his purchase of the Policy, which is the amount of his Claim, together with attorneys' fees under TEXAS CIVIL PRACTICE & REMEDIES CODE Section 38.001.

33.     For noncompliance with the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, court costs, interest, and attorneys' fees. TEX. INS. CODE §541.152.

34.    For noncompliance with the TEXAS INSURANCE CODE, PROMPT PAYMENT OF CLAIMS ACT, Plaintiff is entitled to interest on the amount of the Claim as damages at the rate determined under TEX. INS. CODE §542.060, together with reasonable and necessary attorneys' fees.

35.    For breach of common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Evanston's breach of its Duty, such as additional costs, diminution in value, economic hardship, additional losses resulting from nonpayment of the amount owed, and exemplary damages.

36.    For the prosecution and collection of this Claim, Plaintiff has been compelled to engage the services of the attorneys and law firms whose names are subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Texas Supreme Court.

## VII.  JURY DEMAND

37.    Plaintiff requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Victoria County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and recovers such sums as would reasonably and justly compensate him in accordance with the rules of law and procedure, as to actual damages, and all exemplary damages as may be found. In addition, Plaintiff requests the award of attorneys' fees for the trial and any appeal of this cause, for all costs of Court on his behalf expended, for pre-judgment and

post-judgment interest as allowed by law, and for all such other and further relief, whether by law or at equity, to which he may show himself to be justly entitled.

Respectfully submitted,

**WILLIAMS HART BOUNDAS EASTERBY, LLP**

By: */s/ Sean H. McCarthy*
Sean H. McCarthy
State Bar No. 24065706
P. Griffin Bunnell
State Bar No. 24080815
8441 Gulf Freeway, Ste 600
Houston, TX 77017
Telephone: 713-230-2200
Fax: 713-643-6226
Email: smccarthy@whlaw.com
E-mail: gbunnell@whlaw.com

AND

**THE COOK LAW FIRM, PLLC**
Andrew C. Cook
State Bar No. 24057481
8441 Gulf Freeway, Sixth Floor
Houston, Texas 77017
Telephone:  (713) 230-2366
Facsimile: (713) 643-6226
Email: acc@texinsurancelaw.com

**ATTORNEYS FOR PLAINTIFF**

# CIVIL CASE INFORMATION SHEET (REV. 2.13)

**19-05-84489-A**

Filed 5/20/2019 1:05 PM
Cathy Stuart
District Clerk
Victoria County, Texas
By: Bobbi Ellinger

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____   COURT *(FOR CLERK USE ONLY)*: _____

STYLED   ROBERT PARKER v EVANSTON INSURANCE COMPANY
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

| | | |
|---|---|---|
| **Name:** SEAN H. McCARTHY | **Email:** smccarthy@whlaw.com | |
| **Address:** 8441 Gulf Frwy Ste 600 | **Telephone:** 713-230-2200 | |
| **City/State/Zip:** Houston Texas 77017 | **Fax:** 713-643-6226 | |
| **Signature:** | **State Bar No:** 24065706 | |

**Names of parties in case:**

Plaintiff(s)/Petitioner(s):
ROBERT PARKER

Defendant(s)/Respondent(s):
EVANSTON INSURANCE COMPANY

[Attach additional page as necessary to list all parties]

**Person or entity completing sheet is:**
- [X] Attorney for Plaintiff/Petitioner
- [ ] Pro Se Plaintiff/Petitioner
- [ ] Title IV-D Agency
- [ ] Other:

Additional Parties in Child Support Case

Custodial Parent:

Non-Custodial Parent:

Presumed Father:

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

### Civil

**Contract**

*Debt/Contract*
- [ ] Consumer/DTPA
- [ ] Debt/Contract
- [ ] Fraud/Misrepresentation
- [ ] Other Debt/Contract:

*Foreclosure*
- [ ] Home Equity—Expedited
- [ ] Other Foreclosure
- [ ] Franchise
- [X] Insurance
- [ ] Landlord/Tenant
- [ ] Non-Competition
- [ ] Partnership
- [ ] Other Contract:

**Injury or Damage**
- [ ] Assault/Battery
- [ ] Construction
- [ ] Defamation
*Malpractice*
- [ ] Accounting
- [ ] Legal
- [ ] Medical
- [ ] Other Professional Liability:
- [ ] Motor Vehicle Accident
- [ ] Premises
*Product Liability*
- [ ] Asbestos/Silica
- [ ] Other Product Liability List Product:
- [ ] Other Injury or Damage:

**Real Property**
- [ ] Eminent Domain/ Condemnation
- [ ] Partition
- [ ] Quiet Title
- [ ] Trespass to Try Title
- [ ] Other Property:

**Related to Criminal Matters**
- [ ] Expunction
- [ ] Judgment Nisi
- [ ] Non-Disclosure
- [ ] Seizure/Forfeiture
- [ ] Writ of Habeas Corpus— Pre-indictment
- [ ] Other:

**Employment**
- [ ] Discrimination
- [ ] Retaliation
- [ ] Termination
- [ ] Workers' Compensation
- [ ] Other Employment:

**Other Civil**
- [ ] Administrative Appeal
- [ ] Antitrust/Unfair Competition
- [ ] Code Violations
- [ ] Foreign Judgment
- [ ] Intellectual Property
- [ ] Lawyer Discipline
- [ ] Perpetuate Testimony
- [ ] Securities/Stock
- [ ] Tortious Interference
- [ ] Other:

### Family Law

**Marriage Relationship**
- [ ] Annulment
- [ ] Declare Marriage Void
*Divorce*
- [ ] With Children
- [ ] No Children

**Post-judgment Actions (non-Title IV-D)**
- [ ] Enforcement
- [ ] Modification—Custody
- [ ] Modification—Other

**Title IV-D**
- [ ] Enforcement/Modification
- [ ] Paternity
- [ ] Reciprocals (UIFSA)
- [ ] Support Order

**Other Family Law**
- [ ] Enforce Foreign Judgment
- [ ] Habeas Corpus
- [ ] Name Change
- [ ] Protective Order
- [ ] Removal of Disabilities of Minority
- [ ] Other:

**Parent-Child Relationship**
- [ ] Adoption/Adoption with Termination
- [ ] Child Protection
- [ ] Child Support
- [ ] Custody or Visitation
- [ ] Gestational Parenting
- [ ] Grandparent Access
- [ ] Parentage/Paternity
- [ ] Termination of Parental Rights
- [ ] Other Parent-Child:

### Tax
- [ ] Tax Appraisal
- [ ] Tax Delinquency
- [ ] Other Tax

### Probate & Mental Health

*Probate/Wills/Intestate Administration*
- [ ] Dependent Administration
- [ ] Independent Administration
- [ ] Other Estate Proceedings
- [ ] Guardianship—Adult
- [ ] Guardianship—Minor
- [ ] Mental Health
- [ ] Other:

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

- [ ] Appeal from Municipal or Justice Court
- [ ] Arbitration-related
- [ ] Attachment
- [ ] Bill of Review
- [ ] Certiorari
- [ ] Class Action
- [ ] Declaratory Judgment
- [ ] Garnishment
- [ ] Interpleader
- [ ] License
- [ ] Mandamus
- [ ] Post-judgment
- [ ] Prejudgment Remedy
- [ ] Protective Order
- [ ] Receiver
- [ ] Sequestration
- [ ] Temporary Restraining Order/Injunction
- [ ] Turnover

## 4. Indicate damages sought *(do not select if it is a family law case)*:

- [ ] Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- [ ] Less than $100,000 and non-monetary relief
- [X] Over $100,000 but not more than $200,000
- [ ] Over $200,000 but not more than $1,000,000
- [ ] Over $1,000,000

CLERK OF THE COURT
Cathy Stuart
115 N. Bridge, Room 330
Victoria, Texas 77901

ATTORNEY REQUESTING ISSUANCE
Scan Hudson McCarthy
8441 Gulf Freeway, Ste. 600
Houston, Texas 77017

## THE STATE OF TEXAS
### CITATION

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

**TO: EVANSTON INSURANCE COMPANY, MAY BE SERVED BY SERVING ITS DESIGNATED SERVICE REPRESENTATIVE, C/O SECRETARY, LEGAL DEPARTMENT, MARKEL SERVICE, INCORPORATE, TEN PARKWAY NORTH, DEERFIELD, ILINOIS 60015,**

You are commanded to appear by filing a written answer to the Plaintiff's Original Petition before 10 o'clock A.M. of the Monday next after the expiration of twenty days after the date of service hereof, before the Honorable 24th Judicial District Court of Victoria County, Texas, at the Courthouse of said County in Victoria, Texas.

Said Plaintiff's petition was filed in said Court, on the 20th day of May, 2019 in this case numbered **19-05-84489-A** on the docket of said court, and styled,

ROBERT PARKER
VS.
EVANSTON INSURANCE COMPANY

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Victoria, Texas, this the 21st day of May, 2019.

CATHY STUART
District Clerk
Victoria County, Texas

Signed: 5/21/2019 11:10:23 AM

By: _Crystal Hernandez_
Deputy

Rule 106: "--the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

Cause #19-05-84489-A                                      24th Judicial District Court
ROBERT PARKER VS. EVANSTON INSURANCE COMPANY
**Address for service:  EVANSTON INSURANCE COMPANY, MAY BE SERVED BY SERVING ITS**
**DESIGNATED SERVICE REPRESENTATIVE, C/O SECRETARY, LEGAL DEPARTMENT,**
**MARKEL SERVICE, INCORPORATE, TEN PARKWAY NORTH,  DEERFIELD, ILINOIS 60015**

### OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 2019 at _____ o'clock _____.M. and
executed in _____ County, Texas by delivering to each of the within named defendants in
person, a true copy of this citation with the date of delivery endorsed thereon, together with the accompanying
copy of the petitioner's petition, the following times and places, to wit:

| Name | Date | Time | Place, Course and Distance from Courthouse |
|------|------|------|---------------------------------------------|
|      |      |      |                                             |

And not executed as to the defendant(s) _____

the diligence used in finding said defendant(s) being: _____

and the cause of failure to execute this process is: _____

can the information received as to the whereabouts of said defendant(s) being: _____

FEES - - Serving $ _____                    _____, Sheriff

                                                  _____ County, Texas

                                                  By: _____ Deputy

<u>COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT</u>

In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall
sign the return.  The signature is not required to be verified.  If the return is signed by a person other than a
sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the
following statement:

"My name is _____ (First, Middle, Last), my date of birth is _____, and

my address is _____ (Street, City, Zip).

I DECLARE UNDER PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____ day of

_____, 2019.

                                   _____
                                   Declarant/Authorized Process Server

                                   _____
                                   (ID # and Expiration of certification)

# CERTIFICATE OF SERVICE

The undersigned certifies that on 21st day of May, 2019 in Cause No. **19-05-84489-A**,

ROBERT PARKER VS. EVANSTON INSURANCE COMPANY in the 24th Judicial

District Court of Victoria County, Texas there was mailed by United States Certified

Mail, Return Receipt Requested a true copy of the Citation and a copy of the Original

Petition in said cause to:

EVANSTON INSURANCE COMPANY
SECRETARY LEGAL DEPARTMENT
MARKEL SERVICE INCORPORATE
TEN PARKWAY NORTH
DEERFIELD IL 60015

I further certify that attached hereto is the return receipt for said document.

This the _____28th_____ day of _____May_____, 2019.

CATHY STUART
District Clerk
Victoria County, Texas

By: _____

---

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X _____ ☐ Agent ☑ Addressee <br> B. Received by (Printed Name) John Loren Son  C. Date of Delivery 5/24/19 |
| 1. Article Addressed to: <br><br> EVANSTON INSURANCE COMPANY <br> SECRETARY LEGAL DEPARTMENT <br> MARKEL SERVICE INCORPORATE <br> TEN PARKWAY NORTH <br> DEERFIELD, IL 60015   *Citation* <br> 5/21/2019 12:14:24PM *19.05-84489A* | D. Is delivery address different from item 1? ☐ Yes <br> If YES enter delivery address below: ☐ No |
| 9290 9969 0099 9728 0197 40 | 3. Service Type <br> ☐ Adult Signature <br> ☐ Adult Signature Restricted Delivery <br> ☐ Certified Mail® <br> ☐ Certified Mail Restricted Delivery <br> ☐ Collect on Delivery <br> ☐ Collect on Delivery Restricted Delivery <br> ☐ Insured Mail <br> ☐ Insured Mail Restricted Delivery (over $500) <br> ☐ Priority Mail Express® <br> ☐ Registered Mail™ <br> ☐ Registered Mail Restricted Delivery <br> ☐ Return Receipt for Merchandise <br> ☐ Signature Confirmation™ <br> ☐ Signature Confirmation Restricted Delivery |
| 2. Article Number *(Transfer from service label)* <br> 9214 7969 0099 9790 1628 0197 33 | |
| PS Form 3811, July 2015 PSN 7530-02-000-9053 | Domestic Return Receipt |

Filed 5/29/2019 2:31 PM
Cathy Stuart
District Clerk
Victoria County, Texas
By: Rhonda Stone

# Lugenbuhl

**LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD**
A LAW CORPORATION
801 TRAVIS STREET. | SUITE 1800 | HOUSTON, TX 77002
TEL: 713.222.1990 | FAX: 713.222.1996

Valerie Musick
vmusick@lawla.com

May 29, 2019

Victoria County District Clerk
115 N. Bridge Street, Room 330
Victoria, Texas 77901

RE:   Cause No.: 19-05-84489-A; *Robert Parker v. Evanston Insurance Company;* In the 24th Judicial District Court, Victoria County, Texas

Dear Clerk:

Please issue a **certified copy** of the entire state court file.  Please mail to the address listed above.

Very truly yours,

Lugenbuhl, Wheaton, Peck, Rankin & Hubbard

*Valerie Musick*

Valerie Musick

/vm

CERTIFICATE OF TRUE COPY OF PAPER OF RECORD

THE STATE OF TEXAS       }

COUNTY OF VICTORIA     }

      I, Cathy Stuart, Clerk of the District Court of Victoria County, Texas, do hereby certify that the foregoing is a true and correct copy of all the original pleadings filed in Cause #19-05-84489-A as of MAY 20, 2019, styled

      ROBERT PARKER

      VS.

      EVANSTON INSURANCE COMPANY

as the same appears on file in the District Court of Victoria County, Texas. Given under my hand and seal of said Court, at office in Victoria, this the 31ST day of  MAY, A.D., 2019.

                 CATHY STUART

                 CLERK OF THE DISTRICT COURT
                 VICTORIA COUNTY, TEXAS

                 By David Waller
                        Deputy

Filed 5/29/2019 2:31 PM
Cathy Stuart
District Clerk
Victoria County, Texas
By: Rhonda Stone

# Lugenbuhl

**LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD**
A LAW CORPORATION
801 TRAVIS STREET. | SUITE 1800 | HOUSTON, TX 77002
TEL: 713.222.1990 | FAX: 713.222.1996

Valerie Musick
vmusick@lawla.com

May 29, 2019

Victoria County District Clerk
115 N. Bridge Street, Room 330
Victoria, Texas 77901

> RE:   Cause No.: 19-05-84489-A; *Robert Parker v. Evanston Insurance Company;* In the 24th Judicial District Court, Victoria County, Texas

Dear Clerk:

Please issue a **certified copy** of the entire state court file.  Please mail to the address listed above.

Very truly yours,

Lugenbuhl, Wheaton, Peck, Rankin & Hubbard

*Valerie Musick*

Valerie Musick

/vm